PER CURIAM.
This cause has been argued and submitted to this court for decision. Due to the urgency for a quick decision in compliance with constitutional and statutory mandates, and the lack of time to prepare and file a full-scale written statement of the reasons for judgment prior to the expiration of the delay provided therefor, but with full reservation of the right to do so, the court renders and makes a pronouncement of its decision as follows:
It is hereby ordered, adjudged, and decreed that the judgment appealed be, and the same is hereby affirmed at plaintiff-appellant’s cost.
OPINION
HEARD, Judge.
This is an election contest in which Sidney W. Platt alleges that he was a nonsuc- *477 cessful candidate for the office of aider-man, Village of Grand Cane, Louisiana, in the Democratic Primary Election of March 24, 1973, and but for certain alleged irregularities he would have been either a successful candidate in said election or would have qualified for the Second Primary Election.
In the course of the trial, defendant filed exceptions to the jurisdiction of the court ratione materiae, exceptions of no cause or right of action, and an exception of nonjoinder of parties defendant which were ruled on by the trial court. After trial on the merits, the court rejected plaintiff’s demands and he appealed.
Appellant specifies the following errors: (1) the trial court erred in holding that the action of the Municipal Democratic Executive Committee of the Village of Grand Cane in opening the filing period of February 21 through 23, 1973, was ultra vires and unauthorized; (2) in failing to hold the initial filing period invalid because the candidates qualified by fictitious divisions under LSA-R.S. 18:309, as amended; (3) in failing to apply the Lada case and 42 U.S.C.A. § 1973 to the instant case; and (4) in receiving evidence on and passing on the regularity of the Committee’s action in calling for the qualifying period of February 21 through February 23, 1973.
Appellant specifies no error in the trial court’s ruling on the exceptions. We feel our learned brother of the trial court stated admirable reasons for judgment, and we adopt his reasons on the merits as our own opinion.
‘‘The evidence discloses that on January 24, 1973, the Municipal Democratic Executive Committee, Village of Grand Cane, pursuant to instructions from the Honorable Wade O. Martin, Jr., Secretary of State, State of Louisiana, called for a Democratic Primary Election to be held March 24, 1973, for the municipal offices of that Village, including the filling of three positions for Aldermen. Qualifying deadline was set at 5 :00 o’clock P.M. (Central Standard Time), January 31, 1973. On February 1, 1973, the said Committee certified to Wade O. Martin, Jr., Secretary of State, State of Louisiana, that the following candidates had qualified to run for Aldermen, namely:
Elton Eugene Crocker;
L. Alison Smith;
Sidney Wells Platt;
B. H. ‘Johnny’ Rogers; and,
Richard M. Hosey.
“The Certificate specified the ‘Division’ in which each candidate would run.
“Subsequently, in the matter entitled ‘Wilfred Lada, et al vs. The City Council of the City of Lake Charles, Louisiana, et al’, Civil Action Number 18,725, on the Docket of the United States District Court, Western District of Louisiana, Lake Charles Division, the Court rendered an opinion declaring LSA-R.S. 18:309E, which provided for the running by divisions, to be illegal and inapplicable to the upcoming Lake Charles Municipal Democratic Primary election. Following this decision the Attorney General for the State of Louisiana notified the Municipal Democratic Executive Committee, Village of Grand Cane, that, in the light of the above referred to Federal decision, he had written an opinion to the Secretary of State, State of Louisiana, on February 18, 1973, expressing the opinion that it ‘should reopen filing for all qualified persons including but not limited to those persons who have already filed as candidates who must refile if they wish to be candidates. Filing is to be reopened at 10:00 A.M., Wednesday, the 21st of February. Filing shall be closed at 5 :00 P.M., on Friday, the 23rd of February. . . . ’
“Pursuant to this communication the Municipal Democratic Executive Committee of the Village of Grand Cane reopened for filing, apparently in keeping with the opinion expressed in said communication. There is no evidence that the Municipal *478 Democratic Executive Committee of the Village of Grand Cane received any communication whatsoever from the Secretary of State concerning re-opening for filing, or any matter incident thereto. Neither is there any evidence that the ‘re-opening’ was pursuant to any resolution or other official action by the Committee.
“During this second ‘qualifying period’ B. H. ‘Johnny’ Rogers was not in Louisiana, and did not ‘re-qualify’, and in fact had no knowledge of the above referred to Federal decision, Attorney General’s Opinion, or that ‘requalifying’ had been ‘reopened’ from February 21 through February 23rd.
“February 23, 1973, the Municipal Democratic Executive Committee certified to the Secretary of State the following names, as candidates for Aldermen for Grand Cane:
Elton Eugene Crocker;
Richard M. Hosey;
Sidney Wells Platt; and,
L. Alison Smith.
“Subsequently, by letter dated February 28, 1973, the Committee requested the Secretary of State, if in order, to place the name of B. H. ‘Johnny’ Rogers on the list of candidates — with opposition — for the office of Alderman. This letter recited that Mr. Rogers had been certified as a qualified candidate for Alderman on February 1, 1973, but was omitted from the ‘second list’, dated February 23, 1973, inasmuch as he was out of town at the time of re-qualifying. Reference to the Certificate dated February 23, 1973, from the Municipal Democratic Executive Committee of the Village of Grand Cane discloses that the name of B. H. ‘Johnny’ Rogers had been written in as a candidate for Alderman, with the notation written thereon: ‘Entered by SOS election department.’
“When the official ballot came out it carried the name of the four last above named parties, i. e., Crocker, Hosey, Platt and Smith, and also the name of B. H. ‘Johnny’ Rogers, as candidates for Aider-men.
“Plaintiff contends that B. H. ‘Johnny’ Rogers was not legally qualified as a candidate for the office of Alderman, for the reason that he failed to qualify during the qualifying period which ran from 10:00 o’clock A.M., Wednesday, February 21, 1973, through 5:00 o’clock P.M., on Friday, February 23, 1973, during which period all persons seeking the office of Aldermen, were required to file their notice of candidacy with the Municipal Committee. This is the sole alleged irregularity of which plaintiff complains.
“Plaintiff further alleges that in spite of the fact that Rogers failed to so qualify that the Municipal Democratic Executive Committee, Village of Grand Cane, Secretary of State, State of Louisiana, and B. H. ‘Johnny’ Rogers, caused the name of B. H. ‘Johnny’ Rogers to be placed on the ballot for said primary election and that this constituted an irregularity within the contemplation of LSA-R.S. 13:364 [18:364], Plaintiff further alleges that the Municipal Democratic Executive Committee of the Village of Grand Cane erroneously promulgated the alleged election of defendant, B. H. ‘Johnny’ Rogers, as a Democratic nominee for the Office of Alderman, Village of Grand Cane, Louisiana, on Wednesday, March 28, 1973, and erroneously reported said alleged election to the Secretary of State, State of Louisiana.
“The question is now presented as to whether or not Mr. Rogers was a legally qualified candidate for the office of Aider-man of the Village of Grand Cane in the primary election of March 24, 1973.
“A pertinent question at this point would be, how does one become a ‘legally qualified candidate’ in a primary election?
LSA-R.S. 18:309 provides, in part, as follows:
‘A. Any person desiring to become a candidate in any primary held under the *479 provisions of this Part shall, except as otherwise provided herein, not later than 5 P.M. Central Standard Time on the seventh day after the issuance of the call of the Committee for the primary, file with the respective officers hereinafter designated in this Part written notification of his intention to become a candidate at the primary, . . . .’
“Under this mandatory provision of our law, the only avenue open to a person desiring to become a candidate in any primary election is to ‘qualify’ not later than 5 P.M., Central Standard Time, on the seventh day after the issuance of the call of the Committee for the primary. LSA-R.S. 18:309A employs the term ‘shall’ in this regard.
“The evidence adduced in this case establishes that on January 24, 1973, the Municipal Democratic Executive Committee of the Village of Grand Cane issued its call for the primary election of the Democratic Party to be held in Grand Cane on March 24, 1973. In this call it provided that anyone desiring to become a candidate for any of the offices (which were designated in the call, and which included Aldermen) ‘shall’ on or before five (5) o’clock P.M. (Central Standard Time) of January 31, 1973, file his notification of candidacy with the Chairman of said Committee.
“This action by the Committee was in strict compliance with the applicable, above quoted portion of LSA-R.S. 18:309A.
“Thereafter, and within the designated time, five persons ‘qualified’ as candidates for nomination as Aldermen, with three to be elected. These five persons have already been named several times herein-above, and included Mr. Platt and Mr. Rogers. These individuals qualified to run in ‘divisions’, three ‘divisions’ being indicated.
“The fact that they had qualified as candidates was attested to by resolution of the Committee, dated February 1, 1973, certifying their candidacy to Wade O. Martin, Jr., Secretary of State, State of Louisiana.
“With this official act the Committee had performed its mandatory duty, and, indeed, had no authority to take any additional action at this time.
“However, from the evidence adduced on the trial of this matter it developed that the Committee considers that it 're-opened' a ‘new’ qualifying period, commencing at 10:00 o’clock A.M., Wednesday, February 21, 1973, and continuing through 5 :00 P.M. on Friday, February 23, 1973. The fact of the taking of this action was brought out in testimony, no documentary evidence whatsoever having been introduced to substantiate that this was a Committee action. However, included is a certified copy of resolution of the Committee, dated February 23, 1973, certifying to Wade O. Martin, Jr., Secretary of State, the candidacy of certain named individuals as candidates in the upcoming municipal primary election to be held in Grand Cane on March 24, 1973.
“This court is of the opinion that the so-called ‘re-opening’ of a ‘second qualifying’ period was ultra vires, without any authority whatsoever, statutory or otherwise, and was absolutely null, and, in fact, an empty gesture.
“The much discussed opinion of the Attorney General, dated February 18, 1973, was nothing more than an opinion, albeit from an agency of the Louisiana State Government, and it is to be noted that nowhere therein does the Attorney General cite any authority for the Committee to violate the mandatory, exclusive provisions of LSA-R.S. 18:309A, and ‘re-open’ for ‘requalifying’.
“The case of Lada, et al vs The City Council of the City of Lake Charles, No. *480 18725, cited supra, is the law of that case, only. The Village of Grand Cane was not a party to that suit.
“Therefore, this court concludes that the only valid qualifying date for candidates in this case was the period that ended at 5:00 o’clock P.M. (Central Standard Time) January 31, 1973, and that the candidates certified to the Secretary of State under date of February 1, 1973, were those legally qualified to run. This, of course, included B. H. ‘Johnny’ Rogers.
“What, then, of the fact that the candidates qualified to run by ‘divisions’ ?
“The evidence is conclusive that the Primary Election was held and conducted on March 24, 1973, on an ‘at large’ basis, with all candidates acquiescing therein.
“The returns were compiled, tabulated and promulgated by the Committee, and certified to the Secretary of State, on an ‘at large’ basis, without objection, but with acquiescence of all parties.
“No objection having been raised, the court is of the opinion that the original declaration of intent to run by divisions was abandoned, and passed out of existence, upon the acquiescence by all parties in the accomplished fact of the election having been conducted, in all facets, on an ‘at large’ basis.”
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.